UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal Case No. 21-00073-AK |
| ) | |
| JASON COLLYMORE, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM AND ORDER

March 15, 2022

**A. KELLEY, D.J.**[1]

At issue are (1) the government's motion in limine to admit evidence of defendant Jason Collymore's prior firearms conviction; and (2) Mr. Collymore's motion in limine to preclude introduction of his prior drug-trafficking conviction. For the following reasons, the government's motion will be GRANTED IN PART, and defendant's motion will be GRANTED.

**I.   Government's Motion**

The government seeks to admit evidence of Mr. Collymore's firearms conviction for the purpose of proving that a reasonable person in Mr. Collymore's position would have reasonably seen that his alleged statement would be taken as a "true threat" by the listener. [Dkt. 30-1 at 1].

---

[1] The Honorable Angel Kelley, United States District Judge for the District of Massachusetts, sitting by designation.

1

As a threshold matter, the Court must determine whether Mr. Collymore's conviction is intrinsic or extrinsic evidence in the context of the offense charged.

Federal Rule of Evidence 404(b) prohibits evidence of a defendant's "prior bad acts" to the extent the evidence is "extrinsic to the crime charged" and "introduced for the purpose of showing villainous propensity." United States v. Monteiro, 871 F.3d 99, 110 (1st Cir. 2017) (quoting United States v. Roszkowski, 700 F.3d 50, 56 (1st Cir. 2012)). However, Rule 404(b) is not implicated where the evidence is intrinsic to the crime charged in the indictment. Id. Evidence of prior bad acts is intrinsic if the bad acts themselves are "part of the charged crime." United States v. Ramírez-Frechel, 23 F.4th 69, 76 (1st Cir. 2022) (quoting United States v. Rodríguez-Soler, 773 F.3d 289, 297–98 (1st Cir. 2014)). Intrinsic and extrinsic evidence are "not mutually exclusive categories," United States v. Randazzo, 80 F.3d 623, 630 (1st Cir. 1996), and require a "fact-specific inquiry," United States v. Piña-Nieves, No. 20-cr-00258, 2021 WL 6751217 at *2 (D.P.R. Dec. 18, 2021). Generally, intrinsic evidence is "more closely entangled with the events that comprise the charged offense" and "inform[s] the jury concerning the circumstances surrounding the commission of the charged crime," while extrinsic evidence is more "reasonably distinct (e.g. in time and place) from the crime charged in the indictment." Piña-Nieves, 2021 WL 6751217 at *2 (quoting Randazzo, 80 F.3d at 630).

Here, the government argues that evidence of Mr. Collymore's firearms conviction is intrinsic on the theory that the evidence is necessary for the jury to understand both the context in which the alleged threats arose and the influence the conviction may have had on the complaining witness's interpretation of the alleged threats. [Dkt. 30-1 at 8]. However, the possibility that Mr. Collymore's past conviction may bear on the jury's reasonable-person analysis does not make the fact of the conviction itself a part of the charged crime. The charged

offense requires only that the government show Mr. Collymore "made the statement alleged to be a threat, and that he did so with the intent to 'impede, intimidate, or interfere with' [a government official] in the performance of his duties, or to 'retaliate' against him." United States v. Fulmer, 108 F.3d 1486, 1493 (1st Cir. 1997) (quoting 18 U.S.C. § 115(a)(1)(B)). Nothing about this charge requires a showing that Mr. Collymore has been convicted of a prior crime, much less a firearms offense. Further, Mr. Collymore's firearms conviction, which occurred in 2011, is "reasonably distinct … in time and place … from the crime charged in the indictment." Randazzo, 80 F.3d at 630.

Mr. Collymore's firearms conviction is thus extrinsic "prior bad acts" evidence and is subject to a two-part test under Rule 404(b). First, the conviction must have special relevance other than establishing propensity toward criminal activity. United States v. Landry, 631 F.3d 597, 602 (1st Cir. 2011). A prior act with special relevance to an issue in the case may speak to "motive, intent, absence of mistake, or knowledge" or may "complete the story of the crime on trial by proving its immediate context of happenings near in time and place." United States v. Sabean, 885 F.3d 27, 35–36 (1st Cir. 2018) (citations omitted). Second, the conviction must survive a balancing inquiry pursuant to Federal Rule of Evidence 403. Landry, 631 F.3d at 602.

Here, the government argues that the fact of Mr. Collymore's prior conviction has "special relevance" because it provides the "immediate context," Sabean, 885 F.3d at 36, necessary for the jury to consider whether a reasonable person in Mr. Collymore's position should have foreseen that his remarks would be construed as a true threat. [Dkt. 30-1 at 11]. Additionally, the government asserts the effect of the threat on the listener is also relevant to the question of whether Mr. Collymore should have foreseen the impact on the listener.

The government's position is valid. As this case will require the jury to find whether Mr. Collymore should have reasonably foreseen that his remarks would be construed as a threat, both the witness's relationship to Mr. Collymore (as his Probation Officer) and that witness's knowledge of Mr. Collymore's history of possession of dangerous weapons are probative. Mr. Collymore's awareness that the witness was aware of his conviction informs his ability to cause fear or terror, because it is known he has the means, motive, and opportunity to carry out the alleged threats. Accordingly, the government has established that Mr. Collymore's firearms conviction is specially relevant to the offense charged in the indictment.

Turning to the balancing inquiry, the defense must establish that the proffered evidence is more prejudicial than probative. Sabean, 885 F.3d at 38. The government seeks to introduce three facts related to the conviction: (1) that Mr. Collymore was serving supervised release because of a firearms conviction; (2) that the firearms conviction involved two loaded weapons; and (3) that the defendant knew the complaining witness was aware of the firearms conviction. [Dkt. 30-1 at 8]. As explained above, each of these facts is probative of whether a reasonable person would foresee that these remarks would be construed as threats. Mr. Collymore argues that each of these facts is unduly prejudicial. [Dkt. 37 at 4].

Rule 403 does not shield a defendant "against *all* prejudice." United States v. Whitney, 524 F.3d 134, 141 (1st Cir. 2008) (emphasis in original). Rather, the rule excludes relevant evidence that may "lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." Old Chief v. United States, 519 U.S. 172, 180 (1997). Here, the government's proffered facts (1) and (3) are prejudicial, but not unduly prejudicial. The jury will be aware that Mr. Collymore was serving a term of supervised release from the essential facts of the case. In a case involving a call from a probationer to his probation officer, it is not

possible to fully shield the jury from the defendant's prior criminal convictions. The fact that the Mr. Collymore's conviction related specifically to firearms carries additional potential for prejudice. However, with a limiting instruction prohibiting the jury from drawing any inferences from this fact other than those permitted under Rule 404(b), the potential prejudice created by this fact does not exceed its probative value to the case.

Conversely, the government's proffered fact (2), that the proffered conviction involved two loaded firearms, offers minimal additional probative value beyond the mere fact of conviction. The fact that Mr. Collymore had been convicted of a firearms offense is sufficient for the jury to draw the permissible inference that a listener aware of this conviction would be more likely to interpret Mr. Collymore's remarks as a threat to use a firearm. The further details the government seeks to admit would not strengthen this inference and would serve primarily to reinforce Mr. Collymore's culpability for the prior offense.

Likewise, any evidence suggesting that Mr. Collymore's firearms conviction resulted in a lengthy sentence would be more prejudicial than probative. Although the government did not indicate in its motion that it would seek to introduce such evidence, it is prohibited from introducing any evidence as to the date Mr. Collymore's underlying conviction, the fact or length of his term of imprisonment, or the length of his term of supervised release.

Accordingly, the government's motion in limine will be granted with respect to facts (1) and (3) only, subject to this Court's limiting instruction, and denied with respect to fact (2).

## II. Defendant's Motion

Mr. Collymore has moved to prohibit the government from introducing evidence of his prior conviction for manufacturing marijuana.² [Dkt. 37 at 1]. In opposing this motion, the

---

² Mr. Collymore has also moved to prohibit the government from introducing evidence from Urban Dictionary. [Dkt. 37 at 6–9]. The government opposed this motion on the grounds that it does not intend to introduce any such

government indicates that it will only seek to introduce evidence of this conviction for impeachment purposes should the Mr. Collymore testify. [Dkt. 41 at 7].

Federal Rule of Evidence 609 permits a party to impeach a witness's character for truthfulness by using evidence of a criminal conviction. United States v. Norton, 26 F.3d 240, 243 (1st Cir. 1994). In this case, evidence of a criminal conviction must be admitted against a defendant-witness "if the probative value of the evidence outweighs its prejudicial effect to that defendant." Fed. R. Evid. 609 (a)(1)(B). It is established law in this circuit that a drug-trafficking conviction may bear on a defendant-witness's credibility. See, e.g., United States v. Barrow, 448 F.3d 37, 44 (1st Cir. 2006). Accordingly, the government would likely be able to establish that this conviction has minimal probative value for impeachment purposes.

However, any probative value this conviction would have could not exceed its likely prejudicial effect. Here, the government will have introduced evidence of Mr. Collymore's firearms conviction before it has any potential opportunity to impeach him. Accordingly, the government will have an existing felony conviction in evidence that it may also use for impeachment purposes. The government has not shown that Mr. Collymore's drug-trafficking conviction carries any more probative value on the issue of his credibility than does the firearms conviction alone. See United States v. Tracy, 36 F.3d 187, 193 (1st Cir. 1994) (affirming the district court which reasoned that, where evidence of one felony conviction was already admitted, "the probative value of [additional] previous felony convictions is quite limited, and their prejudicial effect is quite severe because they can of course suggest to the jury that the defendant is a dangerous person and provide risks of conviction on that score alone as opposed to looking at the law and the facts in this case"). Thus, the introduction of a second criminal

---

evidence. Defendant's motion, as it relates to the Urban Dictionary evidence, is thus DENIED without prejudice as moot.

6

conviction—one which has no relevance whatsoever to the charged offense—would be more likely to lead the jury to impermissibly infer that Mr. Collymore acted in conformity with his criminal history than to assist in assessing his character for truthfulness.

For the forestated reasons, the government's Motion in Limine to Admit Evidence of Defendant's Firearms Conviction [Dkt. 30] is GRANTED IN PART and DENIED IN PART, and Defendant's Motion in Limine to Prohibit Introduction of Defendant's Drug-Trafficking Conviction [Dkt. 37] is GRANTED.

IT IS SO ORDERED.

Dated: March 15, 2022   /s/ Angel Kelley
Hon. Angel Kelley
United States District Judge